*R. Spencer Shytles*
*Graham, Bright & Smith*
*Two Lincoln Centre*
*5420 LBJ Freeway, Suite 300*
*Dallas, Texas 75240*
*(972) 788-5300 - Telephone*

*ATTORNEYS FOR THE OAKS BANK AND TRUST COMPANY*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| MACIEK PAWEL NAZARKO and CATHY LYNN NAZARKO Debtors, | § § § § | CASE NO. 05-40372 Chapter 7 |

| | | |
|---|---|---|
| THE OAKS BANK AND TRUST COMPANY, Plaintiff, | § § § § | ADVERSARY NO. 05-4024 |
| vs. | § § | |
| MACIEK PAWEL NAZARKO Defendant. | § § § § | |

### PLAINTIFF'S FINDINGS OF FACT AND CONCLUSIONS OF LAW

Comes now, Plaintiff, and submits this its Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT:**

1. This proceeding relates to the case of In re: Maciek Pawel Nazarko and Cathy Lynn Nazarko, Case No. 05-40372 pending in the United States Bankruptcy Court for the Eastern District Of Texas, Sherman Division.

2. On January 24, 2005 Defendant, Maciek Pawel Nazarko, filed a Voluntary

Petition for Relief under Chapter 7 of the U. S. Bankruptcy Code with this Court. MARK WEISBART was appointed the Chapter 7 Trustee on or about that same date and is the duly qualified and acting Trustee.

3. Defendant was indebted to Plaintiff in the sum of $49,557.69, plus interest and attorneys fees for Default on two Promissory Notes.

4. Plaintiff is a Bank located in Dallas. Defendant was in the business of wholesaling automobiles and was a licensed automobile dealer. The Plaintiff had financed several vehicles for the Defendant to purchase and re-sell.

5. On or about July 11, 2002, the Defendant executed an Universal Note payable to Plaintiff. Pursuant to the terms of the Universal Note, Defendant was to make payments to Plaintiff until the end of the term. Despite demand, Defendant has failed and refused to timely make the payments under said Note, and as such has breached the agreement entered into with the Plaintiff.

6. Defendant had previously executed a Promissory Note and Security Agreement on April 16, 2000 in the amount of $52,200.00 which amount was secured by a 2001 Mercedes Benz S430, VIN WDBNF70J41A156977 ( the "Mercedes Loan."). On the date the Mercedes Loan was executed, Nazarko applied for a title to be issued in his name and was supposed to request the title to reflect the Bank's lien. Instead, the Defendant obtained a title to the Mercedes without the Bank's lien showing. The Defendant then delivered to the Bank a Texas Department of Transportation Title Application Receipt, commonly referred to as a "White-Slip". Plaintiff unfortunately failed to realize that their first lien position was not reflected on the title .

7. Nazarko reduced the principal of the Mercedes Loan to $50,000.00 plus interest.

On or about May 25, 2001 the Defendant executed a Simple Interest Note and Security Agreement payable to Plaintiff (hereinafter referred to as the "Note"). Pursuant to the terms of the said Note, Defendant was to make payments to Plaintiff for 36 months with scheduled monthly payments of $1667.22 beginning on June 25, 2001. From the inception of this loan the Defendant maintained the monthly installment up until the September 25, 2002, installment. That installment paid by check, on his account with Southwest Bank, was returned twice for non-sufficient funds.

8. On October 30, 2002, the President of Plaintiff confronted Defendant with the "White Slip", reflecting the absence of the Bank's lien and the fact that the Plaintiff had determined through a title search that the Mercedes on 9/7/01 had been sold by NXCESS Motorcars of Houston, Texas, to Barbara Markman in Houston and now had a Lien to Wells Fargo Bank.

9. Nazarko admitted that he realized the Bank's lien was not on the Title a few weeks after the Plaintiff made him the loan when the original Title came to Defendant in the mail. Instead of bringing the Title to the Bank, the Defendant decided he would sell the Mercedes and try to make a few extra dollars on a few more car trades and then pay the Bank's loan in full, but Defendant said "You know how it goes."

10. The Defendant offered to provide additional security to the Bank but never did. The debt remains unpaid.

11. Furthermore, on or about July 11, 2002, the Defendant executed an Universal Note payable to Plaintiff. ( the "Lexus Note") Pursuant to the terms of the Lexus Note, Defendant was to make payments to Plaintiff until the end of the term. As security for the Lexus

Note, the Plaintiff took a security interest in a 1999 Lexus Vehicle.

12. Thereafter the Defendant came to the Plaintiff and requested that he be given the title to the Lexus and a release of the Bank's lien. The Defendant represented to the Plaintiff that if he could obtain possession of the Title with a release of the Bank's lien, Defendant would take the Lexus to the auto auction in Tulsa, OK, sell it, and deliver the sales proceeds to the Plaintiff. The Bank agreed to this action based upon this request and had the Defendant sign a trust receipt to memorialize the transaction.

13. The Defendant, in fact, did not take this action. Instead, the Defendant gave the Lexus and the title to same to a third-party. The Lexus nor the title have never been returned to the Plaintiff. No funds have ever been received from the sale of the Lexus.

**CONCLUSIONS OF LAW**

1. Plaintiff is a state banking institution and is qualified to do business in the State of Texas and brings this adversary proceeding pursuant to 11 U. S.C. Sec. 523 and Bankruptcy Rules 7001 et seq.

2. 28 U.S.C. Section 157 grants the United States Bankruptcy Court for the Eastern District Of Texas jurisdiction over this Adversary Proceeding. This action has been referred to this Court pursuant to 28 U.S.C. Sec. 157(a) and brought pursuant to Bankruptcy Rule 7001(1), and 11 U. S. C. section 523.

3. This is a core proceeding under 28 U.S.C. section. 157(b).

4. Venue in this adversary proceeding is properly before the Court pursuant to 28 U.S.C. section 1409.

5. The actions of the Defendant constitutes obtaining of property by false pretenses,

false representations, or actual fraud. The actions of the Defendant also constitute the use of a statement in writing that is materially false which was relied upon by the Plaintiff and was used to deceive the Plaintiff intentionally by the Defendant.

6. The actions of Defendant also constitute larceny or embezzlement and willful and malicious injury to the Plaintiff.

7. Plaintiff is entitled to a judgment of $49,557.69 plus interest and attorneys fees.

Respectfully submitted,

GRAHAM, BRIGHT & SMITH
Attorneys and Counselors


By: __/s/ R. Spencer Shytles__
R. Spencer Shytles
State Bar Number: 18335900

Two Lincoln Centre
5420 LBJ Freeway, Suite 300
Dallas, TX 75240
972-788-5300 Telephone
972-770-2156 Facsimile

**ATTORNEY FOR PLAINTIFF**